# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH RICHARD BARBER, JR., | Case No. CV 13-2011 DMG (MRW) |
| Petitioner, | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| vs. | |
| WARDEN JANDA, | |
| Respondent | |

The Court vacates the reference of this action to the Magistrate Judge and dismisses this action without prejudice for failure to state a cognizable habeas claim.

\* \* \*

Petitioner is currently serving a state prison term for narcotics-related offenses. The state courts subsequently affirmed his conviction and denied post-appeal habeas petitions. Petitioner then filed a habeas action in this Court. See Barber v. Smalls, CV 11-9271 DMG (MLG) (C.D. Cal.) ("2011 Case"). The Court denied the federal petition on the merits of Petitioner's claims. (2011 Case,

Doc. # 13.)  Petitioner appealed that decision to the Ninth Circuit Court of Appeals.  The Ninth Circuit denied his request for a certificate of appealability and dismissed the appeal.  (2011 Case, Doc. # 34.)

Following that, Petitioner filed a second habeas action in this Court. See Barber v. Smalls, CV 12-10430 DMG (MLG) (C.D. Cal. ("2012 Case").  The Court recently dismissed the 2012 Case because, as former Magistrate Judge Goldman stated, the action raised "the exact same claims for relief presented in the 2011 petition."  (2012 Case, Doc.  # 4.)

Petitioner filed the current habeas petition (the 2013 Case) using this district's form petition for state prisoners seeking relief under 28 U.S.C. § 2254. The petition does not allege claims related to his underlying conviction or sentence.  Rather, the habeas petition alleges that the state court improperly "confiscated" Petitioner's legal documents and that Petitioner's court-appointed lawyer failed to return records to him.  (Doc. # 1 at 5.)  Petitioner complains that these actions denied him "the basic tools of a defense in violation of my 6th and 14th Amendment" rights.  (Id.)

\* \* \*

Petitioner's current habeas filing fails on its face to state a claim upon which habeas relief could be granted.  If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the responding party.  28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

1    The traditional and statutory function of a writ of habeas corpus "is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 484 (1973). To maintain a habeas action, the prisoner must demonstrate that he suffered a cognizable injury "likely to be redressed by a favorable judicial decision." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005) (quotation omitted). If the alleged injury cannot be remedied by "the sort of equitable relief we may grant in response to a habeas petition" – that is, release from custody – a federal court has no habeas jurisdiction over the action. Id.

In the present action, Petitioner has thoroughly litigated and pursued post-trial review of his conviction in state and federal court. He directly appealed his conviction and presented habeas petitions in state court. Following that, this Court denied his original habeas action on the merits in the 2011 Case and dismissed his successive filing in the 2012 Case. In the present action, Petitioner complains about actions of his lawyer and trial judge regarding Petitioner's access to certain documents. Those allegations do not give rise to a constitutional claim that could lead to habeas relief. Petitioner's current action cannot result in his release from custody, particularly after receiving review of his conviction in so many judicial fora.

\* \* \*

From the face of the petition, it is clear that Petitioner has failed to state a plausible constitutional claim for relief in the 2013 Case. For the reasons set forth above, the Court does not have habeas jurisdiction over this matter. The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: August 30, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE